UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| YAHAIRA MUÑOZ,<br><br>    Plaintiff,<br><br>v.<br><br>JLO AUTOMOTIVE, INC. D/B/A/<br>EXECUTIVE KIA<br><br>    Defendant. | No. 3:19-cv-1793 (MPS) |

**RULING AND ORDER ON RENEWED MOTION FOR DAMAGES**

On November 12, 2020, I granted default judgment in favor of Plaintiff, Yahaira Muñoz, as to liability on claims under the Truth in Lending Act ("TILA"), the Electronic Funds Transfer Act ("EFTA"), and the Connecticut Unfair Trade Practices Act ("CUTPA"). ECF No. 16. I concluded that Defendant, JLO Automotive, Inc. d/b/a Executive Kia, had violated Regulation Z, 12 C.F.R. § 226.4(d)(3), by representing to Plaintiff when she purchased a car that "GAP insurance" was mandatory. *Id.* at 5. I was unable to calculate damages, however, because Plaintiff had not established a factual basis for awarding the amount of damages that she sought. *Id.* at 8. I granted her leave to file additional affidavits or documentation and also permitted her attorney to submit an itemization of attorney's fees, including contemporaneous time entries, so as to award reasonable attorney's fees. *Id.* Plaintiff has now filed a renewed motion for damages. ECF No. 19.

Plaintiff is entitled to an award of actual damages under CUTPA, Conn. Gen Stat. § 42-110g(a) ("Any person who suffers any ascertainable loss of money … as a result of the use or employment of a method, act or practice prohibited by section 42-110b, may bring an action … to recover actual damages."), and under TILA, 15 U.S.C. § 1640(a)(1) ("[A]ny creditor who fails

1

to comply with any requirement imposed under this part … is liable to such person … [for] any actual damage sustained by such person as a result of the failure….").

In order to establish actual damages, Plaintiff has submitted an affidavit and an amortization schedule for the GAP charge. ECF Nos. 19-2, 19-2.  The affidavit clarifies that the GAP insurance was financed over a period of fifty-four months at a rate of 18.99% APR, rather than paid as a lump sum fee at the time that Plaintiff purchased the vehicle in December 2018. ECF No. 19-1, ECF No. 1 ¶¶ 9, 19.  The amortization schedule reflects that Plaintiff has been paying and continues to pay $20.82 per month and that the she will have paid a total of $372.11 in interest by the time the loan is paid off in June 2023.  Plaintiff seeks actual damages in the amount of the principal, $752, as well as the interest on the principal over the life of the loan, $372, amounting to a total of $1124 ($752 + 372). ECF No. 19-1 ¶ 9.

Plaintiff does not state exactly how many monthly payments she has made.  I can infer from the amortization schedule, and from her uncontested assertion that she purchased the car in December 2018, ECF No. 1 ¶¶ 9, 19, that she has likely made twenty-eight out of fifty-four payments and has therefore paid $582.96 (28 months x $20.82 per month), with $541.04 remaining on the balance of the loan. See ECF No. 19-2 at 2-4.  Plaintiff states in her affidavit that she still owns the vehicle, has made monthly payments on it, continues to make monthly payments on it, and intends to own it through at least the term of the retail installment sales contract—the fifty-four month period. ECF No. 19-1 ¶¶ 3-5.  This establishes that within roughly twenty-six months, Plaintiff will have paid the entire Gap charge plus interest in the amount of $1124.  Rather than award actual damages piecemeal requiring Plaintiff to seek recovery on the remaining $541.04 in twenty-six months from the date of this award, I award Plaintiff the total

amount of damages that she will pay over the life of the loan, including the relatively short life that remains. I therefore award actual damages in the amount of $1124.

In addition to actual damages, TILA authorizes statutory damages up to $2,000. *See Hernandez v. Saybrook Buick GMC, Inc.*, No. 3:20-CV-00438 (VAB), 2020 WL 7137417, at *14 (D. Conn. Dec. 4, 2020) ("A defendant who violates TILA's disclosure requirements is liable for '(1) any actual damage sustained by such person as a result of the failure' and '(2) in the case of an individual action twice the amount of any finance charge in connection with the transaction ... except that the liability under this subparagraph shall not be less than $200 nor greater than $2,000.'") (quoting 15 U.S.C. § 1640(a)(2)(A)(i));[1] *see also Franco v. A Better Way Wholesale Autos, Inc.*, 690 Fed. App'x 741, 744 (2d Cir. 2017) ("TILA authorizes the recovery of double the finance charge, up to $2,000...."). The finance charge listed on Plaintiff's contract was $20,736.54, ECF No. 11-5 at 1, which exceeds the statutory maximum damages of $2,000. *Hernandez,* 2020 WL 7137417, at *14 (utilizing the total finance charge listed on the contract to determine the statutory damages amount under TILA). Therefore, I award Plaintiff $2,000 in statutory damages for Defendant's TILA violation.

As to punitive damages under CUTPA, Plaintiff seeks $5,000. ECF No. 19 at 2.

> CUTPA itself provides no guidance as to a method for determining the amount of a punitive damages award.... Nevertheless, several methods have gained acceptance by the courts in Connecticut.... By common practice, courts generally award punitive damages in amounts equal to actual damages or multiples of the actual damages.... Many courts have followed the lead of the district court in *Bailey Employment Sys. v. Hahn,* 545 F.Supp. 62, 73 (D.Conn.1982), in doubling the amount of actual or compensatory damages.

---

[1] Section 1640(a)(2)(A)(i) provides in relevant part that "[A]ny creditor who fails to comply with any requirement imposed under this part … is liable to such person … [for] twice the amount of any finance charge in connection with the transaction.…"

*Carbone v. First NLC Fin. Servs., LLC*, No. CIV.307CV01489 (AWT), 2010 WL 1782026, at *3 (D. Conn. May 4, 2010) (citation omitted). I explained in my ruling on the motion for reconsideration that Defendant's conduct was "reprehensible, and worthy of punishment" because it appears "that this practice was part of a pattern of conduct aimed at low-income individuals." ECF No. 16 at 7-8. Doubling Plaintiff's actual damages and awarding $2248 ($1124 x 2) in punitive damages would not suffice to deter future conduct of this sort because the actual damages are relatively small. *See Ulbrich v. Groth*, 78 A.3d 76, 126 (Conn. 2013) (considering as a factor in an award of punitive damages "whether the injury and compensatory damages were small, providing a low incentive to bring the action … and whether the award will deter the defendant and others from similar conduct, without financially destroying the defendant."). I find that an award of $5,000 in punitive damages is appropriate and award that amount.

Finally, Plaintiff seeks an award of $10,500.00 in attorney's fees and costs under CUTPA. Conn. Gen Stat. § 42-110g(d) ("In any action brought by a person under this section, the court may award, to the plaintiff, in addition to the relief provided in this section, costs and reasonable attorneys' fees based on the work reasonably performed by an attorney…."). In support of that award, Attorney Blinn has submitted his own affidavit as well as a "Pre-Bill Worksheet" that identifies the attorney that performed the work, the rate at which the attorney billed for the work, the date, and the nature of the work done. I find the submission to be sufficient to support the amount sought. *See New York State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983) ("Hereafter, any attorney—whether a private practitioner or an employee of a nonprofit law office—who applies for court-ordered compensation in this Circuit for work done after the date of this opinion must document the

4

application with contemporaneous time records.  These records should specify, for each attorney, the date, the hours expended, and the nature of the work done.").  In fact, the worksheet reflects a total of $11,206.28 in fees and costs, but Attorney Blinn seeks slightly less than the total reflected on the worksheet - $10,500, and I therefore award $10,500.

As a result, I find that Plaintiff is entitled to (1) actual damages of $1124; (1) statutory damages of $1,000.00 under EFTA (awarded earlier); (2) statutory damages of $2,000.00 under TILA; (3) punitive damages of $5,000.00 under CUTPA; and (4) $10,500.00 in attorney's fees.

The Clerk is directed to enter judgment for the Plaintiff in the total amount of $19,624.00 and close this case.

IT IS SO ORDERED.

/s/
Michael P. Shea, U.S.D.J.

Dated:      Hartford, Connecticut
            April 26, 2021

5