UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

YAHAIRA MUNOZ

v.                                          CASE NO.  3:19 CV 01793 (MPS)

JLO AUTOMOTIVE d/b/a EXECUTIVE KIA        SEPTEMBER 7, 2021

## MEMORANDUM OF LAW IN SUPPORT OF
## MOTION TO SET ASIDE DEFAULT JUDGMENT

Pursuant to Fed. R. Civ. P. 55(c) and 60(b), the defendant, JLO Automotive (sic)[1] d/b/a Executive Kia ("Defendant") moves to set aside the default judgment entered against it on April 29, 2021 (Entry No. 21).   Good cause exists to set aside said judgment because it is void *ab initio* for lack of personal jurisdiction, as the plaintiff, Yahaira Munoz ("Plaintiff") failed to comply with the requirements for service of process upon a corporation pursuant to Fed. R. Civ. P. 4(h)(1).   In support of this motion, Defendant respectfully states the following:

## BACKGROUND

On November 13, 2019, Plaintiff filed a Complaint against Defendant alleging violations of the Truth-in-Lending Act, the Electronic Funds Transfer Act, the Fair Credit Reporting Act, and the Connecticut Unfair Trade Practices Act ("Complaint").   On November 14, 2021, a Summons for service of process of the Complaint was issued by the Clerk (Entry No. 6). The Summons was issued to "JLO Automotive, Inc." but does not contain an address.  A copy of the Summons is attached hereto as Exhibit 1.

On November 19, 2019, State Marshal John Barbieri Jr. certified that service was made upon "John C. Machado II, Person in Charge at the Time of Service, at 1164

---

[1]  The correct name of the Defendant is JLO Automotive, Inc., as Defendant is a corporation.

North Colony Road, Wallingford, Connecticut."  ("Certification of Service") (Entry No. 8).
A copy of the Certification of Service is attached hereto as <u>Exhibit 2</u>.

The individual who was served the Summons and Complaint, "John C. Machado II", was not an officer or agent authorized by appointment or by law to receive service of process on Defendant's behalf.  Affidavit of Mark Altieri ("Altieri Aff.") attached hereto as <u>Exhibit 3</u> at ¶¶ 7-8.  Machado was a sales manager for Defendant, whose function was to manage the sales team. *Id.* ¶ 6.  Defendant's sales managers are not officers, managers, registered agents or other persons authorized to accept service for Defendant. *Id.*  John C. Machado II was never in charge of Defendant's business or in charge of Defendant's office or place of business. *Id.* ¶ 9.  Machado II never forwarded the Summons and Complaint to any of Defendant's authorized agents for service, including Mr. Altieri.  Altieri Aff. ¶ 10.

Although the caption to this matter is entitled "JLO Automotive (sic) dba Executive Kia", the correct name of the Defendant is "JLO Automotive, Inc." since the Defendant is a corporation.  See Secretary of State Business Listing located at: https://service.ct.gov/business/s/onlinebusinesssearch?businessName=jlo%20automotive  and attached hereto as <u>Exhibit 4.</u>  The Defendant's Agent for Service is Alan B. Silver, located at 274 Silas Deane Highway, Wethersfield, CT, 06109.  Id.  The Defendant's Principal is its corporate President, John L. Orsini.  *Id.*  And as noted previously , its Director of Operations is Mr. Altieri.  See *supra*. None of these persons were served with the Summons or Complaint.  See Exhibit 1.  None of Defendant's authorized agents for service have ever received or been served with Plaintiff's Complaint or Summons.  See Exhibit 1 and Exhibit 3 at ¶ 12.

Defendant did not receive notice of this proceeding until August 30, 2021, when Mr. Altieri received Plaintiff's Post-Judgment Interrogatories (which were mailed to the Defendant) from the Defendant's Controller.   Altieri Aff. ¶ 11.  This was the first time Defendant received any notice of this matter. *Id.*

The delay in responding to the Default Judgment is attributable to Defendant's complete lack of notice and/or knowledge, actual or constructive, of Plaintiff's Complaint as a result of Plaintiff never providing Mr. Altieri, or any of Defendant's authorized agents for service, with the Summons and Complaint.

## RELIEF REQUESTED

Defendant requests that the Default Judgment be set aside pursuant to Fed. R. Civ. P. 55(c) and 60(b)(1) and (4) and that this matter be reopened.

## BASIS FOR RELIEF REQUESTED

### A.  The Default Judgment is Void for Lack of Jurisdiction Ab Initio (Fed. R. Civ. P. 60(b)(4))

Here, the Summons and Complaint were not properly served and, as a result, personal jurisdiction was never obtained over Defendant.

Plaintiff must effectuate valid service of process before the Court can assert personal jurisdiction over Defendant. *Nature's First Inc. v. Nature's First Law, Inc.*, 436 F. Supp. 2d 368, 372 (D. Conn. 2006) (citation omitted.). "A default judgment entered against a party not subject to the district court's personal jurisdiction is a nullity, or is 'void.'" *Id.*, citing *Covington Indus., Inc. v. Resintex A.G.*, 629 F.2d 730, 732 n.3 (2d Cir. 1980). Such a judgment is entered "in a manner inconsistent with due process of law." *Fustok v. ContiCommodity Serv.*, 873 F.2d 38, 39 (2d Cir. 1989).  Accordingly, pursuant to Fed. R. Civ. P 55(c), the Court must set aside an entry of default for good cause

3

under R. 60(b).  If a judgment entered against the moving party is void, the Court has no discretion and the 60(b)(4) motion must be granted – "it is a *per se* abuse of discretion for a district court to deny a movant's motion to vacate the judgment under R. 60(b)(4)." *Burda Media, Inc. v. Viertel*, 417 F.3d 292, 298 (2d Cir. 2005); *Nature's First Inc. v. Nature's First Law, Inc.*, 436 F. Supp. 2d 368, 372 (D. Conn. 2006)("[A] default judgment obtained by way of defective service is void for lack of personal jurisdiction and must be set aside as a matter of law.") (citation omitted).

Plaintiff must serve its Summons and Complaint pursuant to Fed. R. Civ. P. 4(h)(1), which provides that service upon a corporation:

> must be served . . . (1) in a judicial district of the United States … (A) in the manner prescribed by R. 4(e)(1)[2] for serving an individual; or (B) by delivering a copy of the summons and of the complaint to an **officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process**.

Fed. R. Civ. P. 4(h)(1) (emphasis added.). Alternatively, Connecticut General Statutes § 52-57(c) governs service on private corporations, and provides:

> service of process shall be made either upon the **president, the vice president, an assistant vice president, the secretary, the assistant secretary, the treasurer, the assistant treasurer, the cashier, the assistant cashier, the teller or the assistant teller or its general or managing agent or manager or upon any director resident in this state, or the person in charge of the business of the corporation or upon any person who is at the time of service in charge of the office of the corporation in the town in which its principal office or place of business is located**.

C.G.S. § 52-57(c)(emphasis added.).

"Plaintiff bears the burden of establishing a basis for an inference that Defendant authorized a particular person – [John C. Machado II], in this case – to accept service of

---

[2] Fed. R. Civ. P. 4(e)(1) provides that service upon an individual is made by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located."

process on its behalf." *Nature's First Inc.*, 436 F. Supp. 2d at 372. "Because a default judgment is the most severe sanction which the court may apply … in ruling on a motion to vacate a default judgment, all doubts must be resolved in favor of the party seeking relief from the judgment in order to ensure that to the extent possible disputes are resolved on their merits." *Id.* at 374 (internal quotation marks and citation omitted.). "Accordingly, when the parties' accounts differ but both are inherently plausible and there is nothing in the record upon which the court can resolve the dispute, the court should resolve doubts in favor of and credit the version of the party seeking vacatur of the default judgment." *Id.*

Defendant's Director of Operations, Mr. Altieri, attests that John C. Machado II, a sales manager for Defendant, was not an agent authorized by appointment or by law to receive service of process as required by the Fed. R Civ. P., and his position does not come within the letter of Connecticut's service of process statute as he was not and never had been a "person in charge" or one expressly authorized to accept service on Defendant's behalf.   Altieri Aff. ¶¶ 6-9.   Thus, the affidavit of Mr. Altieri rebuts the conclusory allegation of the State Marshal, which describes John C. Machado II as the "Person in Charge at the Time of Service."   It is incumbent on Plaintiff to prove that service was proper if it is to defeat this present motion – which it cannot.[3] *See Nature's First Inc.*, supra, 436 F. Supp. 2d 368 (default judgment vacated where defendant's affidavit asserted service was not made upon alleged agent, that person identified was never a person in charge, and where defendant did not have notice of the action until

---

[3] "A defendant's sworn denial of receipt of service...rebuts the presumption of proper service established by the process server's affidavit and necessitates an evidentiary hearing" only where the defendant swears "to specific facts to rebut the statements in the process server's affidavits." (internal quotation marks and citations omitted). *Lopes v. Brazilian Travel Serv., Ltd.*, CIV. NO. 3:17CV00820 (WWE), 2018 WL 4697306, at *6 (D. Conn. Mar. 15, 2018).

after entry of default judgment); *see also Rzayeva v. U.S.*, 492 F. Supp. 2d 60, 75 (D. Conn. 2007) (motion to dismiss for improper service per R. 12 granted where plaintiff served only the complaint upon defendant's regional director, who was not an officer or agent authorized to receive service of process).

For these reasons, the judgment entered against Defendant is void and must be vacated per Fed. R. Civ. P. 60(b)(4).

**B. <u>The Default Judgment Should be Set Aside on Grounds of Excusable Neglect (Fed. R. Civ. P. 60(b)(1))</u>**

Alternatively, if the Court finds that service of process was "technically" proper – which is difficult to imagine under these circumstances – good cause for reopening the default exists because the Summons and Complaint did not come to the attention of anyone duly authorized to act on behalf of Defendant such that it could have responded to the Complaint until after the Default Judgment was entered.

Good cause may be established under the standards of "excusable neglect" which requires the court to consider: "'(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented.'" *Keebler v. Rath*, 405 Fed. Appx. 517, 519 (2d Cir. 2010) (quoting *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993)). In the present case, each of these factors weighs in favor of setting aside the Default Judgment.

Excusable neglect is established. The reason for the delay leading up to the Default Judgment is that, insofar as Defendant is aware, no one within its business organization who is authorized to act on its behalf became aware of this lawsuit until after the Default Judgment entered. Altieri Aff. ¶¶ 11-12. To the extent it is inferred that the Summons and Complaint were received by John C. Machado II, as identified in the

Certification of Service, automobile sales people such as Mr. Machado are not familiar with the significance of legal documents and correspondence of the kind which commence litigation, and in all likelihood lacked a full appreciation of their import.[4]  As a result, the Summons and Complaint were not forwarded to the persons who are responsible for hiring a lawyer to defend this action and did not know that an action had actually been filed, and were thus not aware of its existence. Altieri Aff. ¶ 10. This can be attributed to either carelessness, mistake or inadvertence.

This is not a case where Defendant or its lawyer failed to read e-mails, failed to properly calendar deadlines, failed to defend, or was otherwise negligent – this is a case where notice was never actually received because Defendant was never properly served. *Cf. Canfield v. Van Atta Buick/GMC Truck, Inc.*, 127 F.3d 248, 250-51 (2d Cir. 1997) (per curiam) (holding that failure to follow the clear and unambiguous language contained in a district court order will generally not constitute excusable neglect); *Hartford Steam Boiler Inspection and Ins. Co. v. Southeastern Refractories, Inc.*, 212 F.R.D. 62 (D. Conn. 2003) (missed deadline for opposing a motion to dismiss due to turnover was not excusable neglect).  Defendant submits that it has otherwise acted in good faith.[5] Defendant has taken quick action to correct the default. Upon receiving Plaintiff's Post-Judgment Interrogatories, the same day Mr. Altieri contacted legal counsel to investigate the procedural posture of this matter, of which he had no prior

---

[4] Mr. Machado has not been employed by the Defendant since December 2020.

[5] As evidence of its good-faith, Defendant calls the Court's attention to its involvement in other matters it is or has defended, which demonstrate Defendant's commitment to responsibly answering complaints against it, and not allowing default judgments accrue such that motions like the present one become necessary. The present Complaint unfortunately slipped through the cracks for the reasons cited herein. *See Sparano v. JLO Automotive, Inc.*, Docket No. 3:19-cv-00681 (D. Conn. May 06, 2019); *Bowman v. JLO Automotive, Inc.*, Docket No. 3:17-cv-00747 (D. Conn. May 08, 2017) (Notably, Plaintiff's present counsel also represented the plaintiff in *Bowman*).

knowledge. Once informed of the Default Judgment, Mr. Altieri immediately engaged the undersigned counsel in order to set it aside.

Setting aside the default will not prejudice Plaintiff and would be consistent with the policy of this circuit, which disfavors default judgments.  Further, Plaintiff's counsel has argued without restriction on her behalf in this matter, including in her Motion for Judgment (Entry No. 11), Motion for Reconsideration on Motion for Judgment (Entry No. 15), and Supplemental Motion for Judgment brief on damages for motion for judgment and motion for attorney's fees. (Entry No. 19.)  Until now, Plaintiff's free license to argue her version of the facts unopposed has only prejudiced Defendant, who only recently has come to discover the claims asserted against it, hence the delay in the present motion. *See also Swarna v. Al-Awadi*, 622 F.3d 123, 143 (2d Cir. 2010) (quoting *Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983)) ("Delay alone is not a sufficient basis for establishing prejudice.").  Defendant only recently became aware of these claims, but already has information to mount a vigorous defense to the claims raised in the Complaint – including the lack of any tenable claim based on the circumstances from both a procedural and substantive standpoint.

For these reasons, the Default Judgment should be vacated under R. 60(b)(1) on the grounds of excusable neglect so that at least the possibility of an adjudication on the merits may be procured, which is the favored policy of this circuit.

**WHEREFORE,** Defendant respectfully requests that the Court vacate the Default Judgment pursuant to Fed. R. Civ. P. 60(b)(4) or, alternatively, under Fed. R. Civ. P. 60(b)(1) and reopen this matter so that the Defendant may defend the same.

THE DEFENDANT,
JLO AUTOMOTIVE d/b/a EXECUTIVE KIA

By: _____

Joshua A. Hawks-Ladds - ct09446
Pullman & Comley, LLC
90 State House Square
Hartford, CT  06103-3702
Telephone  860 424 4300
Facsimile 860 424 4370
Jhawks-ladds@pullcom.com

Its Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that on September 7, 2021, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's system.

_____

Joshua A. Hawks-Ladds

9

ACTIVE/80746.2/AFRANCK/9770749v2