UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| YAHAIRA MUNOZ, | : | CIVIL ACTION NO. |
|     Plaintiff | : | 3:19-cv-1793-MPS |
| | : | |
| v. | : | |
| | : | |
| JLO AUTOMOTIVE, INC. d/b/a | : | OCTOBER 1, 2021 |
| EXECUTIVE KIA, | : | |
|     Defendant | : | |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STRIKE AFFIDAVIT

The Plaintiff, Yahaira Munoz, submits the following as her Memorandum of Law in support of the motion to strike the John C. Machado affidavit ("Machado Affidavit") attached to the Reply Memorandum filed by JLO Automotive, Inc. d/b/a Executive Kia ("Executive Kia") on September 30, 2021.

Local Rule 7(d) provides that a reply brief "must be strictly confined to a discussion of matters raised by the responsive brief". Executive Kia did not adhere to this strict restriction, but instead submitted new evidence in the form of the affidavit of its former employee. And, it did so for purposes of advancing a new argument.

Parties are not permitted to raise arguments for the first time in reply memoranda. *Greene v. City of Norwalk,* Memo of Decision Denying Plaintiff's Motion for Reconsideration, 3:14-CV-01016, 2016 WL 829864 (March 1, 2016). Instead, they are required to submit "one motion incorporating the arguments they wish to incorporate rather than through wasteful piecemeal litigation." *Id.* at *4.

The Machado Affidavit was apparently included in Executive Kia's reply

1

because plaintiff had pointed out in her opposition brief that Executive Kia had failed to submit any first-hand information regarding service of the summons in the instant case. By including the affidavit in a reply memorandum in contravention of the strict limitation of Rule 7(d), Executive Kia deprived the plaintiff of an opportunity to respond in her opposition brief.

More problematically, Executive Kia uses this new affidavit to advance a novel argument that was not asserted in its original motion. Specifically, in its Memorandum of Law supporting the motion to set aside the default judgment(No. 31,), Executive Kia admitted that in-hand service was made on its employee John Machado.[1] Its motion was predicated upon that service had to be made upon an appointed agent or officer. After seeing Plaintiff's opposition pointing out that service upon employees located at a defendant's place of business is proper, Executive Kia now attempts to argue that Machado was never served and that others were in charge at the time of the purported service.

By raising an entirely new argument supported by an Affidavit, the defendant seeks to deny the plaintiff an opportunity to respond. That is precisely the type of piecemeal litigation that Local Rule 7 is designed to prevent. Consequently, the Machado Affidavit should be stricken and not considered when ruling on the Motion to Set Aside the Default Judgment.

---

[1] See p. 2 ("The individual who was served the Summons and Complaint, "John Machado II," was not an officer or agent authorized by appointment or by law to receive service of process on Defendant's behalf . . . Machado II never forwarded the Summons and Complaint to any of Defendant's authorized agents for service. . . ")

2

PLAINTIFF, YAHAIRA MUNOZ

By /s/ *Daniel S. Blinn*
    Daniel S. Blinn (ct 02188)
    dblinn@consumerlawgroup.com
    Brendan L. Mahoney (ct29839)
    bmahoney@consumerlawgroup.com
    Consumer Law Group, LLC
    35 Cold Spring Road, Suite 512
    Rocky Hill, CT  06067
    Tel: (860) 571-0408
    Fax: (860) 571-7457

## CERTIFICATION

I hereby certify that on this 1st day of October 2021, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

    /s/ *Daniel S. Blinn*
    Daniel S. Blinn