UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| YAHAIRA MUNOZ<br>　　　　Plaintiff<br><br>v.<br><br>JLO AUTOMOTIVE<br>d/b/a EXECUTIVE KIA<br>　　　　Defendant | CASE NO.  3:19 CV 01793 (MPS)<br><br><br>JULY 15, 2022 |

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

Defendant JLO Automotive (sic)[1] d/b/a Executive Kia ("Defendant" or "Executive Kia") submits this Memorandum of Law in support of its Motion to Dismiss Plaintiff's claimed violation of the Federal Credit Reporting Act (the "FCRA"), Section 1681b,[2] pursuant to Fed. R. Civ. P. 12(b)(6).

### I.   BACKGROUND

This is a simple dispute involving Plaintiff's purchase and financing of a motor vehicle from Defendant. Plaintiff alleges violation of the Truth-in-Lending Act, the Electronic Funds Transfer Act, the FCRA, and the Connecticut Unfair Trade Practices Act in connection with her purchase. *See* Complaint (the "Compl."). Plaintiff alleges that an agent of Executive Kia told her that she was required to purchase "GAP" insurance and required to allow automatic withdrawals from her checking account because it was a part of Executive Kia's "low income program." Compl. ¶¶ 11-16. Plaintiff also alleges that Executive Kia obtained her credit report in violation of the FCRA. *Id*. ¶ 32-36. Executive Kia categorically denies these allegations.

---

[1]  The correct name of Defendant is JLO Automotive, Inc., as Defendant is a corporation.
[2]  The Complaint is plead as one count as the Plaintiff did not plead each claim in separate counts.

1

## II. ARGUMENT

**A. Standard of Review for Dismissal Pursuant to Fed. R. Civ. P. 12(b)(6).**

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a defendant to challenge a plaintiff's failure to state a claim upon which relief can be granted. This rule "delineates the procedures which must be followed in testing the legal sufficiency of a complaint." *LaBounty v. Adler*, 933 F.2d 121, 123 (2d Cir. 1991). Although the Court is obligated to accept the allegations of the complaint as pleaded, *Allen v. WestPoint-Pepperelle, Inc.*, 945 F.2d 40, 44 (2d Cir. 1991), "[i]n order to survive dismissal, a plaintiff must assert a cognizable claim and allege facts that, if true, would support such a claim." *Boddie v. Schneider*, 105 F.3d 857, 860 (2d Cir. 1997). "Factual allegations must be enough to raise a right to relief above the speculative level…The pleading must contain something more than a statement of facts that merely creates a suspicion of a legally cognizable right of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1965 (2007). While "[u]nder Rule 12(b)(6) the well-pleaded material allegations of the complaint are taken as admitted[,]…unwarranted deductions of fact are not admitted." *First Nationwide Bank v. Gelt Funding Corp.*, 27 F.3d 763, 771 (2nd Cir. 1994). Similarly, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Pension Benefit Guaranty Corp. v. Morgan Stanley Investment Management, Inc.*, 712 F.3d 705, 717 (2d Cir. 2013) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

2

**B. Plaintiff's Conclusory Allegation of Violation of the FCRA Fails to State a Claim Upon Which Relief Can Be Granted and Must Be Dismissed Per Fed. R. Civ. P. 12(b)(6).**

The FCRA, 15 U.S.C. § 1681 et seq., "regulates credit reporting procedures to ensure the confidentiality, accuracy, relevancy, and proper utilization of consumers' information." *Longman v. Wachovia Bank, N.A.*, 702 F.3d 148, 150 (2d Cir. 2012). Pertinently, the FCRA expressly authorizes that a statutory "permissible purpose" exists for obtaining a consumer's credit report information if a consumer reporting agency has reason to believe that the requestor "has a legitimate business need for the information … ***in connection with a business transaction that is initiated by the consumer***; or … to review an account to determine whether the consumer continues to meet the terms of the account." (emphasis added.) 15 U.S.C. § 1681b (a)(3)(F)(i)(ii).

A person who "willfully fails to comply" with the FCRA and "obtains a consumer report … under false pretenses or knowingly without a permissible purpose" is subject to civil liability to the consumer. 15 U.S.C. § 1681n. Similarly, a person "who is negligent in failing to comply" with the FCRA is also subject to liability to the consumer. *Id.* at § 1681o. In the motion to dismiss context, "to make out a claim for civil liability under Section 1681b, a plaintiff must show that a genuine question of material fact exists as to whether the defendant 'used or obtained the plaintiff's credit report for an impermissible purpose, and that the violation was willful or negligent.'" *Bentley v. Greensky Trade Credit, LLC*, 156 F. Supp. 3d 274, 296 (D. Conn. 2015).

The FCRA, Section 1681b – the section of the Act that Plaintiff alleges that Defendant violated – generally specifies the circumstances under which a consumer report may be furnished and used. *See* 15 U.S.C. § 1681b. Section 1681b(f) prohibits a

`                                          3

person from using or obtaining a consumer report for any purpose unless "(1) the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section; and (2) the purpose is certified in accordance with section 1681e of this title by a prospective user of the report through a general or specific certification." *See id*. § 1681b(f).

"To state a claim for civil liability based on Section 1681b, a plaintiff must allege both that the defendant used or obtained the plaintiff's credit report for an impermissible purpose, and that the violation was willful or negligent." *Perl v. Am. Express*, Nos. 12–CV–4380, 12–CV–4796, 2012 WL 2711270, at *2 (S.D.N.Y. July 9, 2012) (citations omitted.); *see also Betz v. Matte*, No. 12–CV–5946, 2013 WL 5603846, at *2 (E.D.N.Y. Oct. 10, 2013) (same); *King v. Equable Ascent Fin., LLC*, No. 12–CV–443, 2013 WL 2474377, at *2 (M.D.N.C. June 10, 2013) ("[T]o state a claim for willful or negligent acquisition of a credit report under the FCRA, a plaintiff must allege facts showing each of the following: (i) there was a consumer report; (ii) the defendants used or obtained it; (iii) the defendants did so without a permissible statutory purpose, and (iv) the defendants acted with the specified culpable mental state." (internal quotation marks omitted.)); *Perez v. Portfolio Recovery Assocs., LLC*, No. 12–CV–1603, 2012 WL 5373448, at *2 (D.P.R. Oct. 30, 2012) ("To survive Defendant's Motion to Dismiss, the complaint must aver sufficient facts to establish to a plausible degree that Defendant obtained the credit reports for an impermissible purpose, and that their conduct was either willful or negligent."); *Farkash v. RJM Acquisitions Funding, Inc*., Nos. 12–CV–735 et al., 2012 WL 1948643, at *2 (S.D.N.Y. May 29, 2012) ("To state a claim for civil liability based on Section 1681b, a plaintiff must allege both that the defendant used or

obtained the plaintiff's credit report for an impermissible purpose, and that the violation was willful or negligent." (citations omitted)); *Perl v. Plains Commerce Bank*, No. 11–CV–7972, 2012 WL 760401, at *2 (S.D.N.Y. Mar. 8, 2012) (same); *Perl v. Am. Express*, No. 11–CV–7374, 2012 WL 178333, at *2 (S.D.N.Y. Jan. 19, 2012) (same).

In regard to a plaintiff's obligation to allege that a defendant's violation was willful or negligent, various courts have held that, in order to survive a motion to dismiss, the plaintiff's complaint must allege specific facts as to the defendant's mental state when the defendant accessed the plaintiff's credit report. *See Braun v United Recovery Sys., LP,* 14 F. Supp. 3d 159, 165-66 (S.D.N.Y. 2014). Merely stating that the violation was "willful" or "negligent" is insufficient. *Perl*, 2012 WL 2711270, at *2 ("While [the plaintiff] asserts that each Defendant's FCRA violation was willful, he does so in a conclusory manner in both of the complaints.... [The plaintiff] has failed to allege any facts related to Defendants' state of mind when they allegedly obtained his credit reports."); *Tauro v. Asset Acceptance*, No. 12–CV–418, 2012 WL 2359954, at *5 (W.D.Pa. June 20, 2012) ("[T]he Plaintiff has not averred any facts from which the Court can infer that the Defendants knew, or should have known, that they did not intend to use the Plaintiff's credit report for a permissible purpose under the FCRA, all of which Plaintiff must do with provable facts in order to state a claim."); *Farkash*, 2012 WL 1948643, at *2–3 ("[The plaintiff] fails adequately to allege willfulness or negligence. While [the plaintiff] asserts that each Defendant's FCRA violation was willful, he does so in a conclusory manner...."); *Perl*, 2012 WL 178333, at *2 ("While the plaintiffs assert that each defendant's FCRA violation was willful, they do so in a conclusory manner...."); *Braun*,

14 F. Supp. 3d at 167 ("in order to survive a motion to dismiss, the plaintiff's complaint must allege specific facts as to the defendant's mental state").

Here, Plaintiff fails to allege any specific facts alleging that Defendant used or obtained the plaintiff's credit report for an impermissible purpose, or that the Defendant acted with the "specified culpable mental state." *Id.* at 166; *see also Perez*, 2012 WL 5373448, at *2. Instead, in a conclusory fashion, Plaintiff alleges in the Complaint as follows:

> 33. Executive Kia did not have an authorized purpose for requesting Plaintiff's consumer reports.
>
> 34. Plaintiff did not initiate a transaction within the meaning of § 604(a)(3)(F)(i) of the FCRA.
>
> 35. For their willful violations of the FCRA, Executive Kia is liable to Plaintiff for actual damages, statutory damages, attorney's fees, costs and punitive damages pursuant to FCRA § 1681n.
>
> 36. For their negligent violations of the FCRA, Defendant is liable to Plaintiff for actual damages, attorney's fees, and costs pursuant to FCRA § 1681o.

*See* Compl.

The Complaint is devoid of any statement of fact that would give rise to a legally cognizable right of action sufficient to survive this motion to dismiss. For example, Plaintiff does not identify any transaction or specific report which allegedly violates the FCRA. Instead, she alleges merely "labels and conclusions" and a "formulistic recitation of the elements of a cause of action" which is simply not enough to survive this motion to dismiss. *Ashcroft v. Iqbaal*, 556 U.S. 662, 678 (2009). Her legal conclusions, couched as factual allegations, cannot and should not be accepted as true. *Pension Benefit Guaranty Corp.*, 712 F.3d at 717.

While Plaintiff may deny that her Complaint lacks the requisite material facts to state a cognizable claim for relief, even if she could identify an occurrence of a purported FCRA violation, it is contradictory and absurd for Plaintiff to simultaneously claim that Executive Kia did not have an authorized purpose for requesting Plaintiff's consumer reports, and that Plaintiff did not initiate a transaction, when she candidly admits to the occurrence of both these things. The Complaint alleges:[3]

> 7. On or about November 28, 2018, **Plaintiff visited Executive Kia interested in purchasing a used vehicle**.
>
> 8. Plaintiff found a 2011 Chevrolet Equinox (the "Vehicle") that met her requirements, and **she agreed to purchase it** for a cash price of $11,107.
>
> * * * * *
>
> 10. **Plaintiff agreed** to pay a $1,100 down payment and **planned to finance** the remaining balance pursuant to a retail installment sales contract (the "Contract").
>
> * * * * *
>
> 20. Plaintiff began to experience mechanical problems with the Vehicle in January 2019.
>
> 21. At that time, **Plaintiff told Executive Kia she either wanted them to fix the Vehicle or replace it**.
>
> 22. Despite giving no indication that Plaintiff wished to enter into another financed transaction, Executive Kia obtained her credit report from one or more of the Consumer Reporting Agencies ("CRAs") without authorization or a legitimate purpose.
>
> 23. Plaintiff returned to Executive Kia again in July 2019 after again experiencing additional mechanical problems with the Vehicle when **she again requested Executive Kia either repair the Vehicle or replace it**.
>
> 24. Again, despite giving no indication that Plaintiff wished to entered into another financed transaction, Executive Kia obtained her credit report from one or more of the CRAs without authorization or a legitimate purpose.

---

[3] Again, Plaintiff fails to allege material facts of when, where, and how these purported credit reports occurred, and therefore fails regular Fed. R. Civ. P. 8 pleading standards.

`                                               7

*See* Compl. (emphasis added.)

Critically, although the court must take the allegations of the Complaint as true in deciding this Motion, all requirements of the FCRA were satisfied here. In both instances in which she alleges that a credit report was requested by Executive Kia, Plaintiff admits that she initiated the transaction (she bought the Vehicle) and requested a possible separate transaction with Executive Kia (that Executive Kia either repair the Vehicle or replace it), which complies with 15 U.S.C. § 1681b(a)(3)(F)(i), as it simply requires that a report be obtained "in connection with a business transaction that is initiated by the consumer." Moreover, even assuming as true the conclusory assertion that Plaintiff did not indicate she wished to enter into a financed transaction, the Complaint does not plead that Executive Kia knew or should have known that Plaintiff did not want to apply for such financing by her failure to so inform Executive Kia, who she wanted to "replace" her vehicle. Plaintiff has not plead any facts indicating that Executive Kia knew or should have known that her requests for "repair" or "replacement" of the Vehicle were affirmative declarations that she did not want to enter a financing arrangement, especially when her requests were made in connection with the same underlying transaction and concerned the same vehicle. Plaintiff merely asserts a parade of "unwarranted deductions of fact" and legal conclusions, which cannot be admitted. *See First Nationwide Bank*, 27 F.3d at 771.

Plaintiff's Complaint describes a perfectly ordinary interaction between a consumer who initiated transactions to purchase, repair, or replace a product, and a seller who wanted to give its customer what she wanted – a financed car covered by GAP coverage. In the absence of any factual allegation establishing a violation, her FCRA claim is plainly conclusory. Defendant obviously had to pull the Plaintiff's credit

` 8

report in order to get her credit approved – which is a perfectly permissible purpose. There are no facts whatsoever to conclude that the FCRA was violated and her allegations simply cannot meet the requirement for valid, factually supported allegations sufficient to withstand a motion to dismiss.

## CONCLUSION

For all the foregoing reasons, the plaintiff's complaint asserting violation of the FCRA must be dismissed because it fails to state a claim upon which relief can be granted.

THE DEFENDANT,
JLO AUTOMOTIVE d/b/a EXECUTIVE KIA

By: /s/ Joshua A. Hawks-Ladds
Joshua A. Hawks-Ladds - ct09446
Andrés Jiménez-Franck – ct31198
Pullman & Comley, LLC
90 State House Square
Hartford, CT  06103-3702
Telephone  860 424 4300
Facsimile 860 424 4370
Its Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that a copy of foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Joshua A. Hawks-Ladds
Joshua A. Hawks-Ladds

ACTIVE/80746.2/AFRANCK/10449808v5